SAMUEL MASSEY et al., Respondents, *v.* THE MUTUAL RELIEF SOCIETY OF ROCHESTER, NEW YORK, Appellant.

There is no restriction in the act of 1875 (Chap. 267, Laws of 1875), providing "for the incorporation of societies or clubs for certain lawful purposes," which requires, where a society is organized under it for "mutual benefit" or "benevolent" purposes, that the benefits or benevolence be confined to members or the families of members.

The certificate of incorporation of defendant, a corporation organized under said act, stated its object to be "to combine the efforts of all of its members with the view to effect mutual relief, aid and systematic contributions of benevolence and charity during their life-time, and to their respective families when rendered necessary." The by-laws organized a system similar to that of a mutual life insurance company, the contributions of members to be applied to the payment of a gross sum upon the death of a member, to any person he may designate; if no beneficiary is designated, payment is to be made to his legal representatives. H. made application for membership, designating his wife and M., the plaintiffs herein, as the beneficiaries, the amount payable upon his death to be paid to them in specified proportions; the application was accepted and the usual certificate of membership issued in which the society agreed

to make the payments as directed. In an action to recover the amount agreed upon, *held*, that the designation of M., who was not a member of the family of H., as a beneficiary, was not in contravention of the act or the certificate of incorporation, and that defendant was liable.

*State* v. *C. O. M. R. Ass'n* (29 Ohio St. 399, 403), *Folmer's Appeal* (87 Penn. St. 133, 135), distinguished.

(Argued April 30, 1886 ; decided June 1, 1886.)

Appeal from a judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made the third Tuesday of November, 1884, which affirmed a judgment in favor of plaintiffs, entered upon a verdict directed by the court. (Reported below, 34 Hun, 254.)

This was an action brought upon what is called a certificate of membership issued by the defendants to one John Hopkinson. By it, in consideration of representations made in the application, and of $6 paid as a membership fee, and of certain sums specified to be paid by Hopkinson, he was constituted a member. And on his death, after due notice thereof; etc., it was agreed that defendant's treasurer would pay Elizabeth Hopkinson, wife of the applicant, one-fourth and Samuel Massey or his legal representatives three-fourths of one full assessment for each membership in force at such death, not to exceed $2,000. Hopkinson died January 27, 1882, and due notice was given. At his death one full assessment exceeded $2,000.

The defense was that so far as the agreement was to pay to Massey, who was not a member of Hopkinson's family, the contract was void.

The further material facts are stated in the opinion.

*J. M. Dunning* for appellant. The defendant's articles of incorporation, providing for relief to families of members, formed part of the agreement between Hopkinson and the society, to which he assented when he accepted admission into the order. (*Hellenburg* v. *Dist. No.* 1, *I. O. of B. B.*, 94 N. Y. 584 ; Ang. & Ames on Corp. [10th ed.], § 343 ; 1 Potter on Corp., § 74.) The society had no power or authority to issue a certificate, the whole or any part of which was to be payable to

any one but the family of the applicant. (*Un. Bridge Co. v. Troy & L. R. R. Co.*, 7 Lans. 240 ; 22 N. Y. 285, 290, 291; *Whitney Arms Co.* v. *Barlow & Co.*, 63 id. 70 ; *Ashbury R. Carr. & I. Co.* v. *Reche*, 44 L. J. Rep. 184 ; *O. & L. Cham. R. Co.* v. *Ver. & C. Ry. Co.*, 6 Sup. Ct. [T. & C.] 488.) The corporate powers of the association are limited to the carrying into effect of the purposes declared by its charter. The only beneficiaries for whom it has any power to provide are the families or heirs of deceased members. (*State* v. *Central O. Mut. R. Asso.*, 29 Ohio St. 401, 403, 405 ; *Ky. Mas. Mut. L. I. Co.* v. *Miller*, 13 Bush, 494 ; *Folmer's Appeal*, 87 Penn. St. 135.) By the terms of the agreement between Hopkinson and the society, he had no right, under the most liberal construction of defendant's charter, to designate any one as a beneficiary, unless the latter at least, in part, composed his (the member's) family, and the defendant had the right to suppose that Hopkinson had violated no part of the agreement, and had designated no person who did not answer to the requirements of the charter. (*Hellenburg* v. *Dist. No.* 1, *etc.*, 94 N. Y. 585, 587, 588 ; *Duval* v. *Goodson*, Ky. Ct. App., 23 Alb. L. J. 479 ; *Masonic Ins. Co.* v. *Miller*, 13 Bush, 494 ; *Ind. Mut. B. So.* v. *Clendinen*, 44 Ind. 429.)

*Nathaniel C. Moak* for respondents.    The objection that no recovery could be had, as to the $1,500 payable to Massey, because it was not shown that he had a pecuniary interest in the life of Hopkinson, or was not shown to be a member of his family, was not well taken.    (Laws of 1875, chap. 267 ; Laws of 1876, chap. 53 ; *In re Neumaker's Estate*, 1 Del. Co. Rep. 535 ; *Pitney* v. *Glens Falls*, 64 N. Y. 65 ; 34 Hun, 256–9 ; *Atlantic Bk.* v. *Savery*, 82 N. Y. 307 ; *Kent* v. *Quicksilver*, *etc.*, 78 id. 160, 185–7 ; *Rider, etc.*, v. *Roach*, 97 id. 378, 381; *Castle* v. *Lewis*, 78 id. 131, 135 ; *Whitney Arms Co.* v. *Barlow*, 63 id. 62 ; *McDonald* v. *Mut. Benefit, etc.*, 29 Hun, 87, 89, 91 ; *Gundlach* v. *Germania, etc.*, 4 id. 339, 341 ; *Hellenburg* v. *Dist. No.* 1, 94 N. Y. 586 ; *Yoe* v. *Howard Masonic, etc.*, 63 Md. 86 ; *State* v. *Farmers, etc.*, 25 N. W.

Rep'r, 81.) An insurance to be paid to one in trust for a beneficiary in whom the person whose life is insured has an interest is legal. (*Olmstead* v. *Keyes*, 85 N. Y. 593; Crawley's Life Ins. 24, 26; *Ex parte Houghton*, 17 Ves. 253; *Wyman* v. *Wyman*, 26 N. Y. 253, 256; *Herkimer, etc.*, v. *Rice*, 27 id. 163, 179, 180–1; *Smith* v. *Quinn*, 90 id. 492, 497–8; *Lappin* v. *Charter Oak, etc.*, 58 Barb. 325, 343; May on Ins., § 111.) A creditor has an insurable interest. (Crawley's Life Ins. 24–5, 25–6; May on Ins., §§ 76, 80, 81.) If valid when made, the fact that the interest of the beneficiary in the life ceases does not render the policy invalid. (Crawley's Life Ins. 27, 28; *Conn. Mut. L. Ins. Co.* v. *Schaefer*, 94 U. S. 461; 7 Am. Dec. 44; *Olmstead* v. *Keyes*, 85 N. Y. 598–9; *Ferguson* v. *Mass. Life*, 32 Hun, 306, 311, 312; *Hettinger* v. *United Brethren Mut. A. So.*, 1 Del. Co. Rep. 466.) If originally valid it continues so though assigned to one having no interest in the life. (*Rawls* v. *Am. Mut. L. Ins. Co.*, 27 N. Y. 282, 289; *Cannon* v. *North, etc.*, 29 Hun, 470, 472.) The person whose life is insured may insure it payable to any one having an insurable interest. (*Baker* v. *Union*, 43 N. Y. 287; *Valton* v. *National*, 20 id. 32; *Rawls* v. *Am. Mut. L. Ins. Co.*, 27 id. 282.) If the person whose life is insured insures his own life payable to another, it is valid though the appointee have no interest. (*Olmstead* v. *Keyes*, 85 N. Y. 593, 598, 600; *Hogle* v. *Guardian L. Ins. Co.*, 4 Abb. Pr. [N. S.] 346, 349; 6 Rob. 569; *Rawls* v. *Am. Mut. L. Ins. Co.*, 27 N. Y. 287; 28 Alb. L. J. 405–6; May on Ins., §§ 102, 103, 105, 107, 107a, 107b, 108, 109, 112, 535.) He may assign the policy to one having no interest. (*St. John* v. *Am.*, 13 N. Y. 31; *Valton* v. *National*, 20 id. 32, 38; *Olmstead* v. *Keyes*, 85 id. 598–600; *Hellenberg* v. *Dist. No.* 1, 94 id. 585; *Durrain* v. *Central Verein of the Hermans Sœhne*, 7 Daly, 172–3; *S. C.*, 94 N. Y. 586–7; *Lemon* v. *Phœnix Life*, 38 Conn. 294; *Equitable Life Assurance Co.* v. *Patterson*, 41 Ga. 365; *Hellenberg* v. *Dist. No.* 1, *supra;* *Story* v. *Williamsburgh Masonic*, 95 N. Y. 474.) The law does not require that the assured shall have an estate or a property in

the subject of the insurance. It is sufficient that he have a direct pecuniary interest in its preservation. (*Colburn* v. *Lansing*, 46 Barb. 41; *Herkimer* v. *Rice*, 27 N. Y. 173; *Lasher* v. *Northwestern*, 18 Hun, 103; 57 How. Pr. 222; *Rawls* v. *Am. Mut. L. Ins. Co.*, 27 N. Y. 289; 36 Barb. 361; May on Ins., §§ 86–7; *Ætna L. Ins. Co.* v. *France*, 94 U. S. 561.) Where, in a policy of insurance, the loss is made payable to a third person who has no interest in the property insured, but claims the insurance as collateral security for liabilities incurred for the insured prior to the insurance, he can, in case of loss, maintain an action for the insurance money, and recover in his own name. (*Frink* v. *Hampden Ins. Co.*, 31 How. Pr. 30; 1 Abb. Pr. [N. S.] 343; 45 Barb. 38; *Cone* v. *Niagara*, 3 T. & C. 33, 39; 60 N. Y. 619; *Lasher* v. *Northwestern*, 18 Hun, 98, 101–2; 57 How. Pr. 222; *Hogle* v. *Guardian L. Ins. Co.*, 4 Abb. Pr. [N. S.] 347; *Hastings* v. *Westchester*, 73 N. Y. 149–150; *Luckey* v. *Gannon*, 6 Abb. Pr. [N. S.] 209; 37 How. Pr. 134; 1 Sweeny, 12; *Baltus* v. *Dobbin*, 67 Barb. 507, 510.) Where the party insured sustains the loss he is entitled to recover though others be appointed to receive it. (*Baltus* v. *Dobbin*, 67 Barb. 507.) As a joint contract with several persons for the payment to them of a sum of money is a joint contract with all, and all the payees have therein a joint interest, so that no one can sue alone for his proportion; so, the designating of the share of each will not create such a severance of interest as to sustain a several action; but all must join in an action for the whole. (*Lane* v. *Drinkwater*, 1 Cromp., M. & R. 599; *Byrne* v. *Fitzhugh*, id. 613, n.; Code of Civ. Pro., § 488, subds. 5, 7, §§ 490, 498–9.)

RAPALLO, J. The defendant was organized under chapter 267 of the Laws of 1875, entitled "An act for the incorporation of societies or clubs for certain lawful purposes." The purposes enumerated in the act for which societies may be incorporated under it, are quite numerous, including social, political, sporting, literary and other objects, and also " mutual

benefit" and "benevolent" purposes. The subject of life insurance is not among the enumerated objects, unless it is embraced in the term "mutual benefit" or "benevolent." There is no restriction in the act which requires that the benefits or benevolence be confined to members or the families of the members.

Any five or more citizens of full age may form themselves into such a corporation by making and filing the prescribed certificate, stating the name of the society and its particular business and objects, and they may adopt a constitution, by-laws and rules.

The certificate of incorporation of the defendant, which was filed April 21, 1877, states the object of the society to be " to combine the efforts of all its members with the view to effect mutual relief, aid and systematic contributions and charity *during their life-time*, and to their respective families, from time to time, *when rendered necessary by sickness or pecuniary distress*." Here again there is no specific mention of life insurance nor any restriction of beneficiaries to the families of members, except when aid is rendered necessary by *sickness or pecuniary distress*, and from the context it is evident that this clause of the certificate treats of aid contributions to be furnished during the life-time of the members respectively. In the by-laws appears the first direct reference to any thing of the nature of life insurance. Section 2 of article 1 of these by-laws declares that the objects of the society shall be to secure mutual benefit and protection to its members, and to furnish aid to their *families* or *assigns* in case of a member's death, and section 3 states that " the plan of the society will be to issue certificates for a sum not to exceed $2,000, to be paid to the heirs or beneficiaries of deceased members named in his certificate, from funds arising from assessments for the payment of death claims according to the schedule of rates hereinafter adopted." The by-laws then proceed to organize a system similar to that of a mutual life insurance company. A medical examination is required as a condition of admission to membership, an entrance fee and small annual dues are pay-

able, and members are also required to pay assessments to meet death losses, on a scale graduated according to the age of the member at the time of his admission ; and upon the death of each member, after the filing of the required proofs, the treasurer is required to pay to the legal representatives of the deceased member, or to such *heirs* or *beneficiaries* as are named in his certificate, the sum of $2,000.

There is nothing in the by-laws which requires that the beneficiaries named in the certificate should be members of the family of the deceased member, and if no beneficiaries are designated, the payment is to be made to his legal representatives. The power of the company to create a fund for the insurance of the lives of its members is not questioned on this appeal, and we do not, therefore, discuss it. The act of 1875 authorizes the incorporation of societies for purposes of " mutual benefit," and it must be under this head that the power is claimed, to contract for the application of the joint contributions of the members to the payment of a gross sum to the legal representatives of each member, or to such beneficiary as he may designate to receive it upon his death.

There is nothing in the act which restricts the objects of the societies formed under it to the relief of families of their members. They may be formed for general purposes of benevolence and for many other objects, such as social, political, athletic, sporting, etc. Neither does the certificate of association of the defendant restrict the application of its funds to the relief of a member or his family, except where such relief is to be extended during the life of the member.

But the by-laws disclose the plan by which the society proposed to carry out the object stated in the certificate, viz.: " to combine the efforts of all its members, with the view to effect mutual relief, aid and systematic contributions of benevolence and charity during their life-time," and this plan was to combine their contributions so as to secure mutual benefit to the members and to afford aid to their families or assigns, in case of a member's death, by issuing the certificates of membership before referred to, whereby the payment of $2,000 was secured

to the legal representatives of each member on his decease, or to such other beneficiaries as he might cause to be designated in the certificate. By this means, each member, in considera- tion of the sums contributed by him to the funds of· the society, became entitled to an instrument similar to a policy of insurance upon his life, and was empowered to designate the person to whom the stipulated sum should be paid upon his death. This power was a present benefit to the member, as he might use it for the purpose, not only of making future provision for some member of his family, or. some other object of his benevolence, but even to raise money to supply his own immediate necessities, and it was no concern of the society in what manner he made it available. The society could not in any event escape the payment of the stipulated sum, for if, as it now claims, the designation of a person not a member of the family of the deceased, was void the payment would, accord- ing to the terms of the by-laws and certificate, be due to his legal representatives.

For the reasons stated we are. of opinion, that the designa- tion of Massey as a beneficiary was not in contravention of the certificate of incorporation. That certificate did not contain the restriction which appears in the certificate of incorporation referred to in the case of *State* v. *Central Ohio Mutual Relief Association* (29 Ohio St. 399, 403). In that case, the certificate stated the objects of the association to be " for the mutual pro- tection and relief of its members and for the payment of stipu- lated sums of money to the *families or heirs* of the deceased members of the association." And in *Folmer's Appeal* (87 Penn. St. 133, 135), the charter of the relief association declared, " The object of this association shall be the relief of widows, orphans or families of deceased members." The language in the cases cited was clearly restrictive, but in the present case, the cer- tificate of incorporation is much more broad. It declares the object of the association to be, to combine the efforts of the members with a view to effect mutual relief, leaving the details of the plan to be provided in the by-laws, and these by-laws provided for the system of life insurance before detailed, with

the power to each member to designate any person he might choose, to receive payment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.