SUSAN M. FREEMAN, RESPONDENT, *v.* THE NATIONAL BENEFIT SOCIETY OF NEW YORK, APPELLANT.

*Mutual benefit association — suicide is not a violation, or an attempt to violate, a criminal law — duty of a corporation to make an assessment to pay death claims — when a report made to the insurance department is admissible in evidence against the association — the person receiving the amount need not have an insurable interest in the life of the member.*

The decision made by this court in the case of *Darrow* v. *Family Fund Society* (*supra*, p. 245), holding that the suicide of a member of a corporation organized under chapter 175 of 1883, did not come within the meaning of the provision contained in the certificate, that it should be void if the assured should die

"in the violation of, or attempt to violate, any criminal law," reaffirmed and followed.

By a certificate of insurance issued by the defendant there was to be paid to the plaintiff, "if living, * * * in ninety days after due proof of the death of said member, a sum equal to the amount received from a death assessment, but not to exceed three thousand dollars;" and the fourth condition thereof provided that "the death claim under this contract shall be payable in ninety days, after satisfactory proof of the death of the said member shall have been furnished," as therein provided. The defendant objected to the right of the plaintiff to maintain the action to recover this amount upon the ground that the promise to pay was contingent, the beneficiary being restricted to a fund to be procured by an assessment, and that no proof of the existence of such fund was given.

*Held,* that these objections were properly overruled for the following reasons:

*First.* That the requirement that payment was to be made in ninety days implied that there was an obligation on the part of the company to proceed and make the necessary assessment to raise the fund.

*Second.* That as the defendant had the power to make the assessment, it could not resist the payment of the plaintiff's claim by omitting to make it.

*Third.* That the furnishing of satisfactory proof of the death of the member to the society, according to the provisions of the certificate issued to him, should be held to be a demand for payment, and impliedly a demand upon the company to procure the necessary funds by an assessment, if that were necessary.

Proof that an assessment upon the members liable to contribute to the death fund, would have produced a fund sufficient to pay the plaintiff's claim, was given by the production of the report of the society made to the State Insurance Department a few days before the member's death.

*Held,* that an objection by the defendant to its reception, on the ground that it was not the best evidence of these facts, and that the books of the company should be produced, was properly overruled, as the report made, as required by law, was of equal dignity and certainty with the records of the society.

It was also objected that the plaintiff could not recover, because it was not shown that she had any insurable interest in the life of Darrow.

*Held,* that it was not necessary that she should have any such interest.

*Massey* v. *Mutual Relief Society* (102 N. Y., 523; affirming 34 Hun, 254) followed.

APPEAL from a judgment in favor of the plaintiff, entered at the Saratoga Circuit, upon the verdict of a jury.

*Louis P. Levy,* for the appellant.

*Edgar T. Brackett,* for the respondent.

BOCKES, J.:

The decision in the case of *Mary Jane Darrow* v. *Family Fund Society,* argued at the last term of this court, and now just handed

down, * disposes of the leading question here presented, favorably to the plaintiff.

According to that decision the trial judge correctly rejected all proof touching the subject of Darrow's alleged suicide, and rightly held that suicide by Darrow, if proved, would not avoid the certificate of membership issued by the defendant to him, under the provision declaring that the contract should be void if the assured should die "in the violation of, or attempt to violate any criminal law," etc. For the grounds of this conclusion we refer to the opinion written in that case.

By the certificate, payment was to be made to the plaintiff, if living, in ninety days after due proof of the death of Darrow, of "a sum equal to the amount received from a death assessment, but not to exceed three thousand dollars," and by the fourth condition, upon which the certificate was issued and accepted, it was provided that "the death claim under this contract shall be payable in ninety days after satisfactory proof of the death of the member shall have been furnished in the manner then declared." Evidence was given to the effect that such proof was duly furnished, and that the action was not commenced until the expiration of ninety days therefrom.

It is urged that the provision to pay was contingent, not absolute, as payment was to be made out of a special fund, the death fund, to be procured from an assessment of the members of the society, and that the beneficiary was restricted to the fund thus specified; and, further, that there was no proof of the existence of such fund. It may well be that the beneficiary would be thus restricted, in case of due effort by the society to assess its members liable to assessment therefor. An omission to make an assessment which, if made, would produce a fund equal or greater than the claim, would create an obligation against the society, the same as if it had the fund on hand from which to make payment. It could not lie by and omit to put in operation the means possessed by it to obtain the fund and omit payment because of its own neglect of duty. This would be to take advantage of its own wrong, and it would operate as a fraud on the beneficiary under the certificate, since the obligation to raise the fund by assessment, when shown to be

---

* See case preceding this, page 245. [REP.

adequate for that purpose, would take the place of the fund in determining the question of liability.

So, too, the furnishing of satisfactory proof of the death of the member to the society, according to the provisions of the certificate issued to him, should be held to be a demand for payment, and impliedly would also be a demand upon the company to procure the necessary fund by assessment if need be. It should be further observed that according to the fourth condition upon which the certificate was issued and accepted, payment was to be made absolutely in ninety days after satisfactory proof of the death of the member was duly furnished to the society. So, too, the provision in the body of the certificate, that payment should be made of a sum equal to the amount received from a death assessment, not to exceed the sum specified, in ninety days after due proof of the death of the member was given, implies an obligation upon the company to proceed and make the necessary assessment to raise the fund within the time during which it was provided that the claim should remain in abeyance. For all these reasons, the objection to a recovery, on the ground that there was no proof of the existence of a death fund from which payment could be made, must be held of no avail.

Proof was given showing *prima facie* that an assessment upon the members liable to contribute to the death fund would have been adequate to the case of the beneficiary in this case. This proof was the report of the society made to the State insurance department but a few days after Darrow's death. This evidence was objected to as not the highest or best evidence of the facts stated therein; that the books of the society should have been produced. The report so made was, however, of equal dignity and certainty with the records of the society. It was made up by the society from its records — indeed, was itself a record required by law to be made by the society and filed in the insurance department as a record. It was, therefore, competent evidence of the facts therein stated and certified, and the evidence of Mr. Brackell went merely to calculations in elucidation of those facts, in connection with the table of the defendant's assessment rates, which evidence and table, it seems, were received as proof without objection. The report to the insurance department, with the other

proof above referred to, made a *prima facie* case against the defendant on the point of its ability, with due diligence, to raise a death fund sufficient to answer the claim in suit; and no proof whatever was given or offered to gainsay such *prima facie* case.

If it might have been the case, as is suggested by the defendant's counsel, that all persons who were members of the society December 31, 1885, when the report to the insurance department was made, were not also members when Darrow died, but twenty days previously; and that the members named in the report may not have been solvent and able to pay an assessment if one had been made; or, that each and every assessment would have been paid if made — these were matters to be shown by the defendant against what was fairly inferable from the case as made by the plaintiff on the evidence submitted. The report was made during the time within which there should have been an assessment to meet and answer the plaintiff's claim. It was, therefore, to be inferred, in the absence of all proof to the contrary, that it contained the facts constituting a proper and adequate basis therefor.

It is further urged that the plaintiff, the person to whom payment was to be made, had no insurable interest in the life of Darrow. This fact was wholly unimportant to the defendant's liability, inasmuch as one may take out a policy of insurance upon his own life and make it payable to another having no interest whatever in the life of the insured. This doctrine of the law has been settled in numerous cases. (*Olmsted* v. *Keyes*, 85 N. Y., 593, on page 600; *Massey* v. *Mut. Rel. Soc.*, 34 Hun, 254, and cases there cited on page 256; affirmed in Court of Appeals, 102 N. Y., 523.) It may be added that no point is made by the defendant's counsel as respects due notice to the defendant of Darrow's death.

The judgment should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

LANDON, J. :

The insured was the same person who was insured in the case of *Darrow* v. *Family-Fund Society*, and the language of the policy respecting the death of the insured in the violation of, or attempt to violate any criminal law, is identical with the language in the

policy in that case.   Our decision in that case, that suicide did not come within the terms of the language employed, is decisive of the same question here.

The certificate of insurance in this case contains a contract on the part of the society to pay to the plaintiff, in ninety days after due proof of the death of the member, " a sum equal to the amount received from a death assessment, but not to exceed three thousand dollars."

No assessment was levied by the society to meet the claim of the plaintiff, but it was proved that if such assessment had been levied and collected it would have exceeded $3,000.   The defendant objects that an action at law will not in such case lie to recover the $3,000, but only an action in equity to compel the society to levy and collect the amount and then pay it to the plaintiff.

But the contract was to pay a certain sum, not to cause it to be levied and collected ; it was not an agreement to pay from a special fund to be provided, but to pay absolutely, and the reference to the " amount received from a death assessment," is one of the methods of measuring the amount to be paid.   Whether that assessment shall be levied in each case of death is a matter for the society to determine.   Here it is shown that the amount payable is less than an assessment fully collected would realize.   Whether there is in the death fund an accumulation of like margins from previous assessments is best known to the defendant.   The printed rules of the defendant provide that " no assessment is to be made in either class while there remains unclaimed in the death fund of the class a sum sufficient to pay the maximum amount of benefit." That no assessment was made with reference to this case is some evidence that none was necessary.

The objection that the plaintiff was not shown to have an insurable interest in the life of the insured was met by the recital in the application that she was a creditor.   This was the only evidence upon the point, and, therefore, was not contradicted.   But the plaintiff did not procure the insurance ; the insured did that, and named the plaintiff as beneficiary.   There was nothing in the charter or statute under which the society was organized forbidding the insured to make the policy payable to whomever he should appoint, and there is no evidence tending to impeach the good faith of the

transaction on the part of the insured. The defendant, therefore, must pay as it has agreed. (*Olmsted* v. *Keyes*, 85 N. Y., 593; *Bickerton* v. *Jaques*, 28 Hun, 122; *Massey* v. *Mutual Relief Soc.*, 102 N. Y., 523.)

The act of the legislature under which the defendant was organized was examined in the case last cited, and nothing found in it requiring the insured to restrict his beneficiary to a person having an insurable interest in his life.

The judgment should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

LEARNED, P. J.:

Since the important question in the case has been decided in plaintiff's favor in the case of *Darrow* v. *Family Fund Society*, contrary to my own views, I concur in this opinion.

Judgment affirmed, with costs.