### ECKERT v. MUTUAL RELIEF SOC. OF ROCHESTER.

(*Supreme Court, Special Term, New York County.* June 16, 1888.)

INSURANCE—MUTUAL BENEFIT INSURANCE—WHO MAY BE BENEFICIARIES.

Laws N. Y. 1883, c. 175, under which defendant, a mutual life insurance company, was organized and acting, expressly recognizes the right of a certificate holder to name a beneficiary, without limiting such beneficiary to any particular class or relationship; and, as there is nothing in the by-laws, or in the certificate sued on, expressly restricting such right, defendant had the power to issue it, and it is valid, though the beneficiary is not related to the member.

On demurrer to answer.

Action by Jacob Eckert against the Mutual Relief Society of Rochester, on a policy of life insurance.

*Simon Sultan*, for plaintiff. *Fanning & Williams*, for defendant.

INGRAHAM, J. The plaintiff demurs to the second separate defense set forth in the defendant's answer, on the ground that the said defense is insufficient in law upon the face thereof. The second defense is complete in itself, and, if the allegations are not sufficient to constitute a defense to the plaintiff's cause of action, the demurrer must be sustained. The defense demurred to alleges that the defendant was incorporated under chapter 175 of the Laws of 1883. Section 1 of that act provides that the object for which corporations may be formed under the provisions of the act is for the purpose of transacting the business of life or casualty insurance, or both, upon the co-operative or assessment plan. By section 5 of that act it is provided that any corporation, association, or society, which issues any certificate whereby, upon the decease of a member, any money, etc., which is to be paid to the legal representatives of such member, or to the beneficiaries designated by such member,

shall be deemed to be employed in the business of life insurance upon the co-operative or assessment plan, and shall be subject to the provisions of that act; and by section 18 of the act it is provided that membership in any corporation, association, or society transacting the business of life or casualty insurance, or both, upon the co-operative or assessment plan, shall give to any member thereof the right, at any time, with the consent of such corporation, association, or society, to make a change in his payee or payees, beneficiary or beneficiaries, without requiring the consent of such payee or beneficiaries. There is no provision in the act that would make the certificate issued in this action illegal, or restrict the power of the corporation to issue such a certificate, but the payment of the amount named to the beneficiary named by the member is expressly recognized by the provisions above cited.   The defendant had, therefore, power under its charter to make the contract in question.   The defense demurred to alleges that among the by-laws referred to in such certificate of membership issued by this defendant it was provided, by section 2 of article 1, that the objects of said societies shall be to secure mutual benefit and protection to its members, and to furnish aid to their families, their heirs, or relatives by consanguinity or affinity, in case of a member's death, and such beneficiary shall be named in the application; and by another section of said by-laws it is provided that the plan of the society is to issue membership certificates for a sum not to exceed $2,000, to be paid to the heirs or beneficiaries of deceased members, named in his certificate.   No by-law is alleged that makes a certificate which names a beneficiary, who is not related to the member, void, or that limits the power granted by the statute to the corporation, or that provides that the statement in the application for membership, as to the relationship of the beneficiary, which was untrue, should avoid the certificate.   There is no allegation in the defense demurred to that the certificate contained any statement making the by-laws a part of the certificate; and where the statute under which the defendant is organized and is acting expressly recognizes the right to name a beneficiary, without limiting the beneficiary to any particular class, and nothing in the by-laws or the certificate expressly restricts such right, the corporation had power to issue the certificate; and no fact is alleged in the second defense that would make the certificate void.   The case, therefore, comes within the decision of *Massey* v. *Society*, 102 N. Y. 529, 7 N. E. Rep. 619.   The defendant accepted Eckert as a member, received his dues and assessments, and thereby agreed to pay to the person named in the certificate the sum of $2,000.   The defense is an extremely technical one, and I do not think should prevail.   The demurrer is sustained, and judgment ordered for the plaintiff on the demurrer, with costs, with leave to the defendant to amend the answer within 20 days, on payment of costs.