Mr. Chief Justice Alvey
delivered the opinion of the Court:
The principle of construction, as applied to the clauses and conditions in the constitution and by-laws of these beneficial associations, is required to be liberal, in order to effectuate the main purposes of their organizations. Among the principles that distinguish the benefit certificate of membership in these associations from an ordinary policy of insurance issued by an insurance company, is that which secures to the *314 member the right to appoint or direct the payment of the proceeds of the contract to a person other than the one named in the original certificate. This power of revocation and appointment as to the beneficiary, as allowed by the constitution and laws of most associations of this class, partakes very much of the nature of a testamentary power of disposition; it may be revoked and a new appointment made at any time before the death of the member. It is now settled, in this class of cases, that the beneficiary nominated in the benefit certificate has no vested right or interest in the benefit contemplated by such certificate, simply by virtue of being designated therein as the beneficiary; for the member may at any time before the contract matures, substitute another person or class of persons, as beneficiaries, unless restrained by the constitution and by-laws of the association. Even in the case where the beneficiary named in the certificate dies before the member, the representatives of such beneficiary have no interest in the benefit, though the member dies without making another nomination. 2 Am. & Eng. Encycl. of Law, 177, and cases there cited. Up to the times of his death the member may change his designation of beneficiary, at will, against the consent of the beneficiary, .and that, too, though the latter may have advanced the money to pay the premiums or assessments upon the certificate. Supreme Conclave, Royal Adelphi v. Cappella, 41 Fed. Rep., 1; Gentry v. Supreme Lodge, Knights of Honor, 23 Fed. Rep., 718 ; Martin v, Stubbings, 126 Ill., 387 ; Union Mut. Assn. v. Montgomery, 70 Mich., 587 ; Titsworth v. Titsworth, 40 Kan., 571 ; Masonic Society v. Burkhart, 110 Ind., 189.
Upon the evidence in this case no doubt can exist as to the intention of Wood, the member. He intended to change the beneficiary in the certificate of membership, and he did all in his power to accomplish that purpose. He did not live long enough to have all the forms prescribed actually complied with; but the particulars in which the defect existed were purely of a formal nature, and such as the order could *315 and did properly dispense with. The revocation and new appointment were substantially made; and it was the right of the member to have the substituted certificate issue as he directed, and though death interposed before all the forms could be complied with, the right of substitution of beneficiary previously exercised was not lost.
The case already referred to, of Supreme Conclave, Royal Adelphi v. Cappella, is an important authority upon this subject. In that case it was held that the general rule that the insured is bound to make change of beneficiary in the manner pointed out by the policy and by-laws of the association, is subject to three exceptions: (1) If the society has waived a strict compliance with its own rules, and, in pursuance of a request of the insured to change his beneficiary, has issued a new certificate, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued. (2) If it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been legally made. (3) If the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the beneficiary, but, before the new certificate is actually issued, he dies, a court of equity will treat such certificate as having been issued, and will decree accordingly.
In the course of the opinion of the court in that case, the learned justice refers to the case of the Association v. Kirgin, 28 Mo. App., 80, where “ the insured having met with a fatal accident, called a friend and requested him to take his certificate to the association and surrender it, paying a fee of 50 cents, and request them to issue a new one payable to his wife. This was done, and a minute of the transaction was made on the records of the association for that day. On the following day the insured died. It was held that in doing this, he had done all that the laws of the order required to be done on his part in order to have a new certificate issued; that his right to make the change was absolute; and that the association had no right to refuse his request; and, further, *316 that the fact that the certificate was issued after his death was immaterial, since the certificate was not the right itself, but merely the evidence of the right.” To the same effect are the cases of Kepler v. Supreme Lodge, Knights of Honor, 45 Hun, 274, and Scott v. Relief Assn., 63 N. H., 556. These authorities would seem to be founded upon principle, and we entirely concur in the propositions maintained by them.
The next question is, whether Haddaway was within the class of persons capable of being made a beneficiary under the constitution and by-laws of the order? And this question, we think, can hardly admit of serious doubt. As we have seen, one of the expressed objects of the charter was to establish a benefit fund, from which a sum not to exceed $2,000 shall be paid at the death of the member to his or her family, or to be disposed of as he or she may direct. Without undertaking to determine who would be embraced by the terms “the members of his family,” we think the succeeding terms of the power amply comprehensive to authorize Wood, the member, to appoint his friend and benefactor, Haddaway, to the position of substituted beneficiary in the place and stead of his daughter. The provision should be construed liberally, to enable the member to gratify and fulfill his moral as well as his legal obligations; and in view of the authorities construing the same or equivalent terms authorizing the change of beneficiaries,, we think it clear that Haddaway was in no manner incompetent to take the benefit of the insurance on the life of Wood, under the power reserved to the latter. Gentry v. Supreme Lodge, 23 Fed. Rep., 719; Massey v. Mut. Relief Society, 102 N. Y., 523; Beatty’s Appeal, 122 Pa. St, 435; Lamont v. Grand Lodge, 31 Fed. Rep., 177. And it is immaterial that Haddaway had no insurable interest in the life of Wood; and the mention of Haddaway as executor in the notice of surrender of the certificate, was mere description of the person. Lamont v. Grand Lodge, supra ; Lamont v. Hotel Men’s Assn., 30 Fed. Rep., 817.
*317 The court below decreed against the claim made by Mrs. Berkeley to the fund, and to that extent the court entirely concurs in the decree appealed from; but in that part of the decree which rejects the claim made by Haddaway as substituted beneficiary, and adjudges the fund to belong to the estate of Wood, the deceased member, we cannot concur, and must therefore reverse the decree of the court below, and thereupon remand the cause with direction to enter a decree adjudging the fund in the court below to be paid to the executor of Samuel W. Haddaway, deceased, the substituted beneficiary; the said Haddaway having died during the pen-dency of these appeals, and his executor having become a party to the record under the rules of this court. The costs of these appeals to be paid by Mrs. Linda W. Berkeley; and it is so ordered.

Decree reversed and cause remanded, to the end that a decree be entered in accordance with the foregoing opinion.