## KLEE v. KLEE.

(Supreme Court, Appellate Term. April 24, 1905.)

1. BENEFIT SOCIETIES—CERTIFICATES—SURRENDER—CHANGE OF BENEFICIARY.

Plaintiff was the beneficiary in a certificate issued to her husband by an association, but on her abandoning him he made application for cancellation of such certificate, declaring its loss or disappearance, and the association, waiving its surrender, issued a new certificate to the husband, in which he designated his mother as beneficiary. *Held*, that such transaction constituted an effectual cancellation of the original certificate, if the mother was qualified to participate in the society's benefit funds.

2. SAME—FOREIGN STATUTES—CONSTRUCTION—"FAMILY."

1 Gen. St. N. J. p. 153, § 24, authorizes the incorporation of mutual benefit associations for the payment of death benefits, according to rules and by-laws adopted, "to the husband, wife, father, mother, son, daughter, brother, sister and legal representatives of such member," and the certificate of an association incorporated thereunder provided for the payment of benefits "to the family, orphans, or dependents as such member may direct." *Held*, that the word "family" was used to refer to the persons designated in section 24, and included the mother of a member of such association, with whom such member was living.

Appeal from City Court of New York, Trial Term.

Action by Frieda Klee against Caroline Klee. From a City Court judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

August P. Wagener, for appellant.

Holls, Wagner & Burghard (Charles C. Cormany, of counsel), for respondent.

LEVENTRITT, J. This is a contest for the proceeds of a benefit certificate between the wife and mother of a deceased member of Manhattan Lodge No. 137 of the Knights and Ladies of the Golden Star, a New York branch of a mutual benefit insurance association organized under a general statute of the state of New Jersey. On January 31, 1902, Frederick Klee became a member of the branch, and in the beneficiary certificate issued to him named his wife, the plaintiff, as the person to whom the benefit of $500 should be paid on his death. One year later the plaintiff abandoned her husband, running off with a boarder in their household, and taking with her all the effects, including the benefit certificate. Thereupon Frederick Klee made an application for the · cancellation of the first certificate, making the required declaration as to its loss or disappearance. Waiving its surrender, the association issued a new certificate to Frederick Klee, in which he designated his mother, the defendant, as beneficiary. At the time of this designation he was living in the household of his mother, a very sick man, nursed by her until his death in July, 1903. The defendant claimed to have paid the premiums on both certificates, but the plaintiff asserted that at least part of the moneys therefor was advanced by her. The association, on the rival claims of wife and mother, brought the money into court, where the mother's claim was upheld.

I am of the opinion that if the defendant was a proper person to be designated as beneficiary, the cancellation of the first certificate was effectual. Lahey v. Lahey, 174 N. Y. 146, 66 N. E. 670, 61 L. R. A. 791, 95 Am. St. Rep. 554; Shipman v. Protected Home Circle, 174 N. Y. 409, 67 N. E. 83, 63 L. R. A. 347. The association is incorporated under a general statute of the state of New Jersey making it lawful to pay death benefits, according to rules and by-laws adopted, "to the husband, wife, father, mother, son, daughter, brother, sister, and legal representatives of such member." 1 Gen. St. N. J. p. 153, § 24. Under this state law, which is controlling, and precludes the designation of other beneficiaries than those designated in the act, the certificate of incorporation provided for the payment of the benefit to the "family, orphans, or dependents, as such member may direct." These words "family, orphans, or dependents" must be read in reference to the statute under which incorporation was had, as the corporation has no authority to create a benefit fund for others than the persons within the classes limited by law. Bacon, Benefit Society (3d Ed.) § 244; Massey v. Mutual Relief Society, 102 N. Y. 523, 7 N. E. 619; American Legion of Honor v. Perry, 140 Mass. 580, 5 N. E. 634. Thus the word "dependents" cannot be construed in its usual broader sense, but must be held to apply to one of the persons named in the legislative act. On the other hand, with this rule of construction in mind, I think the word "family" was set out in the certificate of incorporation to embrace, under certain circumstances, all the other persons mentioned in the act, except legal representatives. Little is to be derived in this case from examining the various definitions that have been given to the term "family"

in benefit or other cases. Precedents may be found where it has been held to include a mother and others where it has excluded her. See 1 Bacon, supra, § 256. Each case must be examined on its own facts. Here, at the time of Klee's death, his mother was part of his immediate domestic circle, lived under one roof with him. While, in accuracy, it might be more correct to say that he was a member of her family than that she was a member of his, yet the term is to be read in the light of the facts in reference to the meaning intended by the certificate of incorporation when viewed in connection with the enabling act. That limited the beneficiaries to a few named persons. The restriction is greater than is usual in similar statutes. 'All the persons named, barring legal representatives, are kindred, and may be, as they frequently are, included in the term "family." "Now, this word 'family' is an expression of great flexibility. It is applied in many ways. It may mean the husband and the wife having no children, and living alone together, or it may mean children, or wife and children, or blood relatives, or any group constituting a distinct domestic or social body." Carmichael v. N. W. Mut. Ben. Ass'n, 51 Mich. 494, 16 N. W. 871. It is reasonable to assume that the incorporators intended to use the term in its broader sense, colloquially, perhaps, having in mind that all the persons contemplated by the statute would be embraced by the broad designation. It may have been deemed necessary to use the word "orphans" so that in the case of the death of a surviving father or mother it might not be said that, there being no family left, they could not take in the absence of a special characterization. As the right to designate beneficiaries is unlimited in the absence of restriction (Massey v. Mutual Relief Society, supra), we should not construe a general term in limine unless compelled to do so. I therefore conclude that the use of the term "family" in the certificate was made in reference to the enumerated persons in the state statute, and that under the circumstances here disclosed the defendant was properly designated as a beneficiary. It follows, therefore, that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.