Bromwell, J.
The National Union is a beneficial or fraternal organization incorporated under the laws of Ohio, and subject thereto.
In its charter or articles of incorporation, Section 3, it is defined to be—
“A secret order, formed and conducted for the mutual benefit of its members and their families exclusively, pursuant to. such code of regulations by whatever name called, as may be adopted by its members in session assembled as the Senate of the National Union.”
Also in Section 4b, one of its purposes is defined as:
“46. To give material aid to its members and their dependents.”
*475 And in Section 4e:
“To establish a benefit fund from which upon sufficient proof of the death of a beneficial member of the order, who has complied with all of its lawful requirements, a sum not exceeding five thousand dollars shall be paid to the husband, wife, orphans, family, or other dependents as the members may direct. ’ ’
The existing regulations referred to in Section 3, above cited, were adopted by this association in session assembled as the Senate of the National Union, and went into effect September 1, 1892, which was prior to the date of the issue of the certificate in .question in this case, and were to be known as “laws” for the government of the order.
In Law 2, Section 3, among the objects of the order it recites that one object shall be, “To provide for the relief of distressed members and their families,” and in Law 2, Section 5, is the provision that:
‘ ‘ Payment of death benefits shall only be made to the families, heirs,. blood relations, or persons dependent upon the member. Persons are deemed to be dependent upon the member, when they are dependent in a material degree for support, maintenance or assistance, and when the obligation of the member to furnish same rests upon some moral, legal or equitable ground. ’ ’
The provision as to change of the beneficiary is contained in Law 38, Section 4, and is as follows:
“Members may, at any time, when in good standing, surrender their benefit certificates and have new ones issued to such beneficiary or beneficiaries, allowed by the laws of the order, as they may direct, upon the payment of a fee of fifty cents; such surrender and direction must be made in writing, signed by the member desiring to make such surrender, and forwarded under seal of the council with the -benefit certificate -to the secretary of the senate. ’ ’
The facts in this case are as follows:
Charles G-. Shaw was insured under a certificate for $1,000 in a certain council of the National Union, a fraternal beneficial society under the laws of Ohio, and died May 13, 1909, being at-the time of his death in good standing and having fully complied with all of the -requirements of said society.
*476 Claims for the payment of the amount of said certificate were presented to said society by both the wife and the mother of the decedent, each claiming to be the only legal beneficiary thereunder.
The society being in doubt as to the proper person to whom the payment should be made filed a bill of interpleader and paid the money into court.
The mother, Caroline Shaw, admits that Annie Shaw, her co-defendant, is the widow of the insured decedent, and as to all other allegations of the cross-petition of the latter files a general denial.
And by way of cross-petition, said Caroline Shaw alleges that she is the mother of said decedent; that on or about the 15th day of September, 1907, said Charles G-. Shaw applied for and on October 3, 1907, was granted a benefit certificate in said society for $1,000, payable upon his death to his then wife, Annie Shaw; that afterwards, owing to the neglect of said insured by his said wife, this defendant was forced to take him to her, the defendant’s home, where she provided him with medical attendance, nursing and all the necessaries of life, until he died on the 13th day of May, 1909; that on January 21, 1909, decedent surrendered said benefit certificate to said society and procured a new one to be issued for the same amount but payable to her, the mother, instead of to Annie Shaw, the wife, as in the original certificate.
The defendant, Annie Shaw, widow of decedent, files a general denial to the cross-petition of Caroline Shaw, her co-defendant, and by way of cross-petition alleges that the proceeds of said certificate issued to the decedent dated October 3, 1907, was made payable to her; that decedent died May 13, 1909; that she paid out of her personal earnings some of the assessments and premiums to sustain and keep said certificates alive; that decedent left no children; that she was entirely dependent upon him for support and has no other life insurance or property.
A jury was waived, and the cause was heard upon the pleadings, the testimony and exhibits filed.
It appears that four certificates were issued each as of October 3, 1907, and otherwise identical in all respects except as to the *477 name of the beneficiary and as to the names of the attesting witnesses and the officers of the senate signing said certificates. In their chronological order these certificates were as follows:
1. To Annie Shaw, wife, dated August 3, 1907.
2. To Annie Shaw, $500, and Carrie Shaw, $500, wife and mother, issued May 7, 1908.
3. To Catherine Shaw, mother, issued November 5, 1908.
4. To Caroline Shaw, mother, issued January 21, 1909.
It was testified that the fourth certificate was1 issued to correct the error in the name of the mother from Catherine, as it appeared in the third certificate, to Caroline as in the fourth.
It was proven that the decedent, between the issue of the first and fourth certificates, had fallen sick and for the purpose of nursing and attending to him his mother caused him to take up his home with her, the wife being at work earning her living, and not residing with the husband after such removal.
It is also proven by the evidence that the mother had steady employment by which she maintained herself and her son, and had- a sum of $500 on deposit in' bank, -and was not dependent upon her son for her support.
The statute, Section 3631-16 (now 9467,- new code), defining the persons who may be made the beneficiaries under the laws of fraternal beneficial organizations of the kind of the plaintiff organization, is as follows:
‘ ‘ The payment of death benefits shall be confined to the family, heirs, relatives by blood, marriage or legal adoption, affianced husband or affianced wife, or to a person or persons dependent on the member.”
It is clear that the mother of a decedent insured person would come within this class of beneficiaries as a relative by blood even if not a member of his family or dependent on him. So far, therefore, -as this statute goes, there can be no doubt that the defendant, Caroline Shaw, as mother of decedent, would be eligible to be made the beneficiary of the certificate carried by him.
The defendant, Annie, wife of decedent, claims, however, that the society under its own laws and its charter could have no authority to make a mother such a beneficiary, unless she was *478 either a member of the family or dependent upon the insured son.
It is true that the various sections of the charier and laws of the plaintiff do not seem to be harmonious in their references to the beneficiaries, but inasmuch as the charter contains an express provision'which subjects the benefits "to such regulations, by whatever name called” as might be adopted by the senate of the order, we will be safe in construing these sections as the society seems to have done in Law 2, Section 5 (cited above), so as to make it conform most nearly to the statute, 3631-16 (cited above), which says that payment may be made to blood relations as a class,- not limited by membership in the family of nor to dependence upon the insured.
The next question to be considered is whether the certificate, No. 4, making the mother the beneficiary, is valid.
Defendant, Annie Shaw, through her counsel, claims that she had a vested interest in the first certificate which could not be taken away without her consent, and cites Insurance Company v. Penn, 4 N. P. (N. S.), p. 97. Counsel apparently overlook the fact that this decision was upon a policy of insurance issued by a regular and old line company, and that no vested right is given to a beneficiary'under the system of fraternal beneficial societies.
"We have examined the other cases cited by counsel for said defendant, Annie Shaw, but find none of them applicable to the present case.
On the other hand we find numerous authorities to sustain the contention of the defendant, Caroline.
In the case of Y. M. M. Life Association v. Harrison, 23 Bull., 360:
“Syl. A member of an association for the purpose of mutual protection and relief of its members- and for the payment of stipulated sums of money to the families or heirs of the deceased members may designate his mother as the beneficiary and cause the usual certificate to be issued in her name, and it is not essential that she be a resident of the member’s family.”
Early v. Early, 3 C. C. (N. S.), 71, contains an elaborate consideration of the subject of fraternal beneficial organizations and the right of beneficiaries and of the authority of the insured to *479 substitute new beneficiaries in place of the one named in the original certificate.
Ferbroche v. Grand Lodge, 81 Mo. App., 268:
‘ ‘ Syl. 2. The word family may be of narrow or broad meaning as the intention of the parties using it, or as the intention of the law in using it, may be made to appear, and where a son and his wife lived with his father being dependent upon him for their support, during the son’s final illness, and he took out- a certificate for the benefit of his wife and father, and- subsequently died without changing the relation between himself and father,the father was a member of the family and is entitled to his share of the policy.”
In this case the court decided the meaning of the word ‘ ‘ family” as being the same as “household,” and citing from Hoffman v. Grand Lodge, 73 Mo. App., 47, said (p. 272) :
“We are not of the opinion that the words ‘or their families’ should be construed to embrace all kindred of the same degree, but the family therein intended to be benefited, where one exists, is the family as understood in its usual and ordinary sense, that is to such persons as habitually reside under one roof and form, one domestic circle, or * # *”
Starnes v. Belief Association, 2 Ga. App., 237:
“Syl. 5. The word ‘family’ used in the constitution of a benefit association to designate the class to which the beneficiaries must belong includes any relative * * * with whom the member lives and by whom he is- supported and cared for at the time of his death.
‘ ‘ Syl. 6. Courts should construe the constitution -and by-laws of a relief association liberally to effect its benevolent purpose and not so as to defeat such purpose.” See, also, Hosmer v. Welch, 107 Mich., 47; Klee v. Klee, 93 N. Y. Supp., 588.
Manley v. Manley, 107 Tenn., 191:
• “Syl. The mother, not the wife, is entitled to the death fund due on a certificate issued by a benefit society to one of its members after his marriage, and made payable to him, personally, in the event of his total disability, and to his mother in the event of his death, where the constitution and laws of the society do not exclude the mother in express terms from the class of eligible beneficiaries,, although they do provide that the beneficial de *480 partment of the society shall be established and maintained to provide substantial relief to members and their families in the event of death or total disability.”
In the present case the statutory provision in Section 3631-16 is broader than the law of the association, and the question might arise whether the association may include any class of statutory beneficiaries and by its law render then incapable of claiming the death benefit. This question is answered in the opinion of the court in Halle et al v. Grand Lodge, 1 C. C. (N. S.), 86, as follows:
“We are satisfied that while members of mutual benefit associations can not designate as beneficiaries persons outside the classes specified in the statutes regulating such associations, and while such associations can not provide for the payment of benefits to persons outside the classes mentioned in the statutes, such associations may limit the payment of benefits within the classes designated by law. ’ ’
But this question does not arise in the present case, as the mother is named as a beneficiary in both the statutory enumeration and that of the association.
I am of the opinion that the defendant, Caroline Shaw, is the legal beneficiary and entitled to the fund in possession of 'the clerk for the payment of said certificate.
The cross-petition of the defendant, Annie Shaw, recites that she has paid some of the assessments and premiums that were due to sustain and keep said certificate in force during the lifetime of said Charles G. Shaw, out of her personal earnings.
This statement is vague and gives no information as to how much she so expended. Nor was there any testimony which would remove this uncertainty. I am therefore unable from either the cross-petition or the evidence to ascertain the amount. If it could be arrived at, I should feet disposed to direct a repayment to her out of the fund of so much as she herself paid out of her earnings in keeping the certificate alive.
If counsel can agree upon this amount, that will be the most satisfactory and simple way of reaching the allowance. If not, I will be ready to hear testimony upon the subject to enable me to determine what amount said defendant is entitled to.