SAUERBRUNN v. HARTFORD LIFE INS. CO.

(Supreme Court, Appellate Division, First Department.   November 14, 1913.)

1. INSURANCE (§ 193*)—MUTUAL LIFE INSURANCE—ASSESSMENTS—MODIFICATION.

   Where a contract of insurance provides for death assessments upon surviving members according to an annexed table of graduated assessment rates based on the age of members, and the table terminates at the age of 60 years, with a maximum rate of $2.68, the company cannot increase the rate on the prior contract to a rate above $2.68 after 60 years.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 430, 431;  Dec. Dig. § 193.*]

2. INSURANCE (§ 26*)—FOREIGN COMPANY—JURISDICTION OF ACTION.

   A court of this state has jurisdiction to order an accounting against a foreign insurance company, and to determine therefrom, in an action against it by a member, whether he has been and is being charged excessive rates on his insurance certificate, and thereupon to render judgment for any excess collected and enjoin such future collections.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33;  Dec. Dig. § 26.*]

3. INSURANCE (§ 26*)—FOREIGN COMPANIES—RIGHT TO REGULATE—ACTIONS—DEMURRER—GROUNDS.

   In an action against a foreign insurance company to enjoin it from fixing and collecting alleged illegal rates, and asking an accounting, the question whether the court will attempt to regulate the internal affairs of a foreign company may not be raised by demurrer.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 33;  Dec. Dig. § 26.*]

Appeal from Special Term, New York County.

Action by Henry Sauerbrunn, Jr., against the Hartford Life Insurance Company.   From an interlocutory judgment overruling its demurrer to the complaint, defendant appeals.   Affirmed, with leave to withdraw demurrer and answer.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

John T. McGovern, of Providence, R. I., for appellant.

Hooker I. Coggeshall, of New York City, for respondent.

SCOTT, J.   The action is brought upon several identical insurance contracts issued by defendant, an assessment company. Defendant is a Connecticut corporation.   It is not alleged that plaintiff is at present a resident of this state; that defendant transacts any business in this state, or has any property therein.   The contracts sued upon were made in 1881, within this state, whereof plaintiff was then a resident. They provide for the payment of an assessment upon the living contract holders whenever a death occurs, and a table is annexed to the contract showing the maximum rates of assessment to be levied, graduated according to the age of the person assured.   According to this table a contract holder who has attained the age of 60 years is assurable at the rate of $2.68 per $1,000, and no greater rate of assessment is specified after the age of 60 years.   The plaintiff claims, and with reason, that $2.68 per $1,000 per death is the most that he can

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

legally be charged, since, as he says, he became 60 years of age on January 15, 1900. Notwithstanding he has been assessed, as he says, since he became 60 years of age at a rate much larger than $2.68, which he has paid in ignorance of his legal rights. The relief demanded is: (1) An injunction to prevent further excessive and illegal assessments; (2) an accounting to ascertain the amount unlawfully assessed upon and collected from plaintiff since January 15, 1900, when he became 60 years of age; and (3) the recovery of whatever may be found to be due upon accounting. The defendant demurs: (1) That the court has no jurisdiction of the person of the defendant; (2) that the court has no jurisdiction of the subject-matter of the action; (3) that there is a defect of parties plaintiff and defendant.

An action similar to this was decided in favor of the plaintiff therein, and the judgment affirmed in this court and the Court of Appeals (Harrison v. Hartford Life Ins. Co., 63 Misc. Rep. 93, 118 N. Y. Supp. 401, affirmed without opinion 137 App. Div. 918, 122 N. Y. Supp. 1130; Id., 201 N. Y. 545, 95 N. E. 1130). It does not appear, however, that in that action any plea to the jurisdiction was interposed.

The defendant argues strenuously that this court will not entertain an action which has for its purpose the regulation of the internal management of a foreign corporation. This argument is based largely upon the supposed inconvenience of carrying on accountings in diverse jurisdiction, and the inability of the courts in this state to enforce a decree against a foreign corporation. This argument is supported by a considerable number of decisions in this and other states, and has recently been strongly asserted, in an action like this, against this same defendant in the Supreme Court of Missouri. State ex rel. Hartford Life Insurance Co. v. Shain, 245 Mo. 78, 149 S. W. 479. See, also, State ex rel. Minnesota Mut. Life v. Danton, 229 Mo. 187, 129 S. W. 709, 138 Am. St. Rep. 417.

[1, 2] The question is not one, however, to be raised by demurrer. It goes, not to the jurisdiction of the court, but to the question whether the court, having jurisdiction, will exercise it, and that depends upon whether or not the court could enforce a judgment if it made one. Strictly speaking, the action is one of which the court has jurisdiction, if the circumstances are such as to justify its exercise. It has jurisdiction of the person of the defendant because process has been served in the manner provided by law. That the complaint states facts sufficient to constitute a cause of action, and one of which the court has jurisdiction, has been established by Harrison v. Hartford Life Insurance Co., supra.

[3] The question which the defendant seeks to raise, and which has been so strenuously argued before us, can more properly be raised when the plaintiff applies to the court for judgment. It can then be determined to what judgment, if any, the plaintiff is entitled which the court can enforce.

It follows that the judgment appealed from must be affirmed, with costs, with leave to said appellant to withdraw its demurrer and answer within 20 days upon payment of all costs. All concur.