(162 App. Div. 161)

## ATKINS et al. v. TROWBRIDGE et al. (No. 5724.)

(Supreme Court, Appellate Division, First Department.   May 1, 1914.)

1. APPEAL AND ERROR (§ 329*)—PARTIES—INTERVENTION.

Where, in an action by a part of the holders of an issue of corporate bonds brought on behalf of all of the bondholders for damages for breach of an agreement to purchase the entire issue, judgment was rendered for plaintiffs, the remainder of the bondholders could intervene as plaintiffs for the purpose of sustaining the judgment on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1836; Dec. Dig. § 329.*]

2. ACTION (§ 53*)—ACTION FOR BREACH.

Only one action could be brought to recover for the breach of an indivisible contract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–551, 553–623; Dec. Dig. § 53.*]

3. PARTIES (§ 12*)—REPRESENTATIVE ACTIONS.

Under Code Civ. Proc. § 448, permitting an action to be maintained by a part of persons interested in the subject-matter of litigation on behalf of all, where the question is one of common interest of many persons, so that it would be impracticable to bring them all before the court, a part of numerous bondholders could maintain a representative action for damages for breach of a contract to purchase an entire issue of bonds from all of the bondholders.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 12; Dec. Dig. § 12.*]

Appeal from Special Term, New York County.

Action by Elizabeth J. Atkins, as executrix of Thomas B. Atkins, deceased, and others, against James A. Trowbridge and others, in which Elenore B. Tuck, as executrix of Henry B. Hammond, deceased, and others, petition for leave to intervene as parties plaintiff. From an order at Special Term denying the motion, petitioners appeal.   Order reversed, and motion granted.

See, also, 160 App. Div. 880, 144 N. Y. Supp. 1104.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Liebmann & Tanzer, of New York City (Laurence Arnold Tanzer, of New York City, of counsel), for appellants.

Nash & Jones, of New York City (Henry W. Taft, of New York City, of counsel, and Louis Dean Speir, of New York City, on the brief), for respondents.

CLARKE, J.   The petitioners are the owners of certificates of the Metropolitan Trust Company, representing and evidencing the deposit of bonds of the Indianapolis, Decatur & Western Railway Company, being $11,500 of first mortgage bonds, $203,250 of second mortgage bonds and $123,180 income bonds, deposited with the said Metropolitan Trust Company pursuant to an agreement between the holders of bonds of the said classes entered into about the month of August, 1891, for the purpose of bringing about a reorganization of the said railway company, whose property was then under fore-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

closure, and appointing a committee to act as agents for the bondholders to carry out the purpose of said agreement.

This action was brought by the plaintiffs, holders of similar certificates, suing on behalf of themselves and all others similarly situated who shall come in and be made parties, and contribute to the expense thereof, to recover from the defendants, members of the partnership of Vermilye & Co., the damages suffered by themselves and all other holders of similar certificates of deposit issued under said agreement by reason of the breach by said Vermilye & Co. of an agreement entered into by them with the said committee under the said bondholders' agreement for the purchase by said Vermilye & Co. of proposed bonds to be issued and guaranteed upon said reorganization. The action was commenced in 1895. It was tried in March, 1912. A special verdict was returned for the plaintiff upon which the court directed a general verdict for $221,390, which represents the gross sum of the aggregate damages suffered by all the holders of said certificates on the basis of the damages found by said special verdict. A motion for a new trial was thereafter made. As one of the grounds of said motion, defendant's counsel contended that the court could not lawfully render a judgment in favor of all the holders of the said securities and that plaintiffs could not recover on behalf of other certificate holders similarly situated, but the only judgment that could be lawfully entered was a judgment in favor of each of the plaintiffs named in the complaint for his several individual claim for the damages suffered by him. The petitioner alleges that, up to the time when this contention was raised, defendants' counsel as well as plaintiffs' counsel had regarded the action as in every respect a representative action in which plaintiffs represented not only their own individual claims but also those of others similarly situated. The said contention was overruled and a judgment was entered May 17, 1912. A referee was appointed to take proof of the interests of all the bondholders of the said railway company similarly situated. The defendants have appealed from said judgment. The petitioners are in all respects similarly situated to the plaintiffs in this action, and allege that they are ready and willing to contribute to the expenses of this action, and that they desire to be made parties plaintiff in order to be heard upon said appeal in support of said judgment for the purpose of protecting their interests. One of defendants' attorneys in an answering affidavit alleges:

"It was brought as a representative action by the plaintiffs, * * * in behalf of themselves and all other certificate holders similarly situated."

He says:

"It is at this stage of the litigation, * * * and after the right of the petitioner to bring any independent action in their own behalf is barred by the statute of limitations, and after a judgment has been entered which fully protects the petitioners' interests, that the petitioners make this belated application to be joined as parties plaintiff."

The motion was denied and petitioners appeal.

There seems to me to be something peculiarly inconsistent between the affidavit of counsel for defendants alluded to, alleging that this

is a representative action and that a judgment has been entered which fully protects the petitioners' interest, as a reason why they should not be named in the title of the case and the attitude on the appeal in the argument of counsel before us, that the plaintiffs in such an action at law can only recover for their own damages, and as the statute of limitations has run new parties should not be brought in.

[1-3] The petitioners claim it is not a question of bringing in new parties, but of adding to the record the names of parties who are already parties by representation, and that the necessity therefor does not arise from any act or default of the plaintiffs, who have been loyally co-operating with the petitioners for the protection of the rights of all the bondholders whom they represent, but from the attack made by the defendants upon the right of the plaintiffs of record to represent others who are not parties thereto. The action is at law to recover damages for breach of an agreement on the part of Vermilye & Co. to purchase from the entire body of bondholders a single issue of bonds. Being an action on an indivisible contract, only one action could be brought to recover for the breach thereof. A portion of the bondholders are permitted to sue in behalf of all because section 448 of the Code permits such representation where the question is one of a common or general interest of many persons, and where the persons who might be made parties are very numerous, and it might be impracticable to bring them all before the court. Both of these conditions exist in the case at bar.

An interlocutory judgment having been entered, these petitioners have now the right to come in and take advantage of that judgment and prove their claims thereunder. I can see no reason why they should not be put in a position to protect that judgment by being named as parties of record.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.