HENRY SAUERBRUNN, JR., Respondent, *v.* HARTFORD LIFE INSURANCE COMPANY, Appellant.

*Insurance — equity — action to restrain foreign co-operative life insurance company from making assessments upon one of its certificates in excess of a certain amount — when company, its officers and accounts, are without this state the fact that the company appeared in the action does not extend jurisdiction to the subject-matter of the action — question of the jurisdiction of our courts may be raised by demurrer.*

1. An action against a foreign life insurance company brought by a member of the company holding one of its certificates to restrain it from making an assessment against him of more than a certain amount named in his certificate and to compel it to account for

moneys theretofore paid by him in excess of that amount relates to the internal affairs of the company, which are conducted at its home office, and its method of assessment against members for the various purposes for which they are liable is governed by local laws and regulations and should be adjusted in an action brought in the home state of the company.

2. When it appears that the company, its officers and accounts, are without the state and the order and decree of the courts of this state could not be enforced against the corporation without its consent, the fact that the defendant appeared in the action and that the court had jurisdiction of the person does not of necessity extend the jurisdiction to the subject-matter of the action. The question of jurisdiction is properly raised by demurrer to the complaint. (*Harrison* v. *Hartford Life Insurance Co.*, 63 Misc. Rep. 93; 137 App. Div. 918; 201 N. Y. 545, distinguished.)

*Sauerbrunn* v. *Hartford Life Ins. Co.*, 165 App. Div. 506, reversed.

(Argued February 26, 1917; decided March 27, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1915, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term bringing up for review an interlocutory judgment overruling a demurrer to the complaint. (See 159 App. Div. 121.)

The complaint contains five separate causes of action based upon five several certificates of membership held by the plaintiff in the defendant corporation. A consideration of the first cause of action, which is practically identical with each of the remaining four, will suffice. In substance the complaint alleges that defendant (originally Hartford Life and Annuity Company) is a corporation organized and existing under the laws of the state of Connecticut; that on or about the 9th day of December, 1881, the plaintiff was a resident of the state of New York, upon which day a contract in writing designated as certificate of membership was entered into between the parties within this state, a copy whereof is attached to the complaint; that plaintiff duly performed all of the conditions of said contract upon his part to be performed.

The consideration to defendant for the certificate was an admission fee of ten dollars to be paid into a safety fund, which fund was to be deposited with Security Company of Hartford, Connecticut, as trustee, to be invested and held by the trustee and the interest thereon as well as the principal applied under certain contingencies toward the payment of assessments of members contributing to the same.   A further payment of three dollars annually for expense account so long as the certificate should remain in force, together with an assessment in accordance with the table of graduated assessment rates printed upon the certificate, within thirty days from notice of such assessment.

Upon the certificate was indorsed "Table of Graduated Assessment Rates for death losses for every $1,000 of a total indemnity of $1,000,000;" then followed a list of ages and rates from age fifteen to sixty.

The plaintiff was forty years of age at the date of the certificate; the rate of assessment at that age was $1.12, and from thenceforward the rate gradually increased until at sixty years of age it was $2.68 per assessment.

In the event of death, all conditions having been complied with by the holder of the certificate, the amount payable thereunder was to be paid to the beneficiary named in the certificate within ninety days at the home office of defendant. The certificate provided: "This company has no agents authorized to receive money on assessments, dues, or safety fund. After an agent has delivered this certificate and collected the admission fee, no other payment connected with the indemnity under this Certificate must be made to the agent without the production of a receipt signed by the Company's secretary."

The complaint alleges that plaintiff became sixty years of age January 15th, 1900, since which date defendant has assessed plaintiff at a rate in excess of $2.68 on a total indemnity of $1,000,000, which plaintiff has been forced to pay under penalty of forfeiting the contract,

but that plaintiff had no knowledge of such excess assessment until March 1, 1911; that plaintiff has no adequate remedy at law and judgment is demanded that defendant be perpetually enjoined from assessing plaintiff upon its contract at a rate in excess of $2.68 for every $1,000 on a total indemnity of $1,000,000, and that defendant account for all sums received from plaintiff in excess of $2.68 per assessment since January 15th, 1900, with interest thereon; that plaintiff have judgment for such sum and for such other and further relief as may seem just and equitable.

The defendant interposed a demurrer to the complaint which was overruled. Upon the order so made an interlocutory judgment was entered allowing defendant twenty days to withdraw the demurrer and serve an answer, upon its failure to comply therewith plaintiff to have final judgment for the relief demanded in the complaint. Defendant took an appeal to the Appellate Division from the interlocutory judgment where the judgment was affirmed and defendant given leave to answer within twenty days. (159 App. Div. 121.) Defendant was denied permission to appeal to this court. (159 App. Div. 906.) Defendant did not answer. Counsel for plaintiff thereupon served upon counsel for defendant notice of application to the court for final judgment for the relief demanded in the complaint. Counsel for the defendant did not appear on the return of such notice. The court thereupon without the examination of witnesses considered affidavits presented by counsel for plaintiff, granted a judgment for a sum of money and perpetually enjoined defendant from assessing the plaintiff at a rate in excess of $2.68 for every $1,000 of a total indemnity of $1,000,000 as provided in the contracts.

Upon appeal to the Appellate Division the judgment was modified so as to require defendant to file with the clerk of New York county an account showing the amount if any, which it had received from, or on behalf

of plaintiff in excess of the rate provided in the certificate since January 15th, 1900, the plaintiff to be permitted to file objections thereto and thereupon a referee named should take and state the account and upon confirmation of his report plaintiff should have final judgment for such amount as may be found due to him from defendant. The Appellate Division continued the injunctive relief as granted in the original final judgment allowed.

From the judgment entered an appeal was allowed to this court and the following questions certified:

"1. Does the complaint state facts sufficient to constitute a cause of action?

"2. Has the court jurisdiction of the subject of the action?"

*John T. McGovern* and *Alva Collins* for appellant. The court has no jurisdiction of the subject-matter of the action because the subject-matter of the action relates to the internal management of a foreign corporation. (*Royal Arcanum* v. *Green*, 237 U. S. 531; *State ex rel. H. L. Ins. Co.* v. *Shain*, 245 Mo. 78; *Eberhard* v. *Northwestern Mutual Ins. Co.*, 210 Fed. Rep. 520; *Hartford Life Ins. Co.* v. *Ibs*, 237 U. S. 662; *Condon* v. *Mutual Reserve Ins. Co.*, 89 Md. 99; *Clark* v. *Mutual Reserve Ins. Co.*, 14 App. Div. 154; *Taylor* v. *Mutual Reserve Ins. Co.*, 97 Va. 60; *Howard* v. *Mutual Reserve Ins. Co.*, 125 N. C. 49; *Minnesota Mutual Life Ins. Co.* v. *Denton*, 229 Mo. 187.)

*Charles H. Friedrich* and *Hooker I. Coggeshall* for respondent. The court has jurisdiction of the subject of the action. (*Gardner* v. *Ogden*, 22 N. Y. 327; *Bailey* v. *Ryder*, 10 N. Y. 363; *Newton* v. *Bronson*, 13 N. Y. 587; Story's Eq. Juris. 899; Murfree on For. Corp. 172; *N. S. Copper Co.* v. *Field*, 64 Md. 151.)

HOGAN, J. The decision of the Appellate Division was not unanimous. The presiding justice of that court

was of opinion that the failure of defendant to appear on the return of the notice of application for final judgment operated as a default within the meaning of section 1294 of the Code of Civil Procedure and the judgment allowed at the Special Term being in violation of section 1207 of. the Code the remedy of defendant was to move to vacate or modify the judgment so as to make it conform to the relief demanded in the complaint. A majority of the justices concurred in an opinion written by Justice SCOTT, holding that the judgment entered was not one by default and in that conclusion we concur.

Upon the entry of final judgment at the Special Term, defendant was authorized to appeal therefrom directly to this court and review the interlocutory judgment entered upon the order overruling the demurrer, the sole question presented on this appeal. (Code of Civil Procedure, section 1316.)

Upon the appeal from the interlocutory judgment overruling the demurrer, the Appellate Division determined (159 App. Div. 121) that the complaint stated facts sufficient to constitute a cause of action, and that the court had jurisdiction of the action, but that court held that the question as to whether or not such jurisdiction would be exercised by the Supreme Court was dependent upon whether or not a judgment granted by it could be enforced. In support of the conclusion, the case of *Harrison* v. *Hartford Life Insurance Company* (63 Misc. Rep. 93; affirmed without opinion, 137 App. Div. 918; 201 N. Y. 545) was cited.

An examination of the record in the case referred to discloses that while that action was like unto the action at bar, the question of jurisdiction was not there presented either in the record, the courts below or in this court. The decision is not controlling in this case. The question of jurisdiction is open for determination upon this appeal. Bearing upon that question it is important to consider the relation existing between the plaintiff and the corporation defendant under the certificate. As a

consideration for the issuance of the certificate in question, the plaintiff paid to the defendant an admission fee for membership in the defendant corporation, together with a stated sum toward the safety fund, and thereby became a beneficiary under the trust contract between defendant and the security company, trustee, which was made a part of and attached by copy to the certificate.

Plaintiff further undertook to pay a stated sum annually towards the expense of defendant, also all mortuary assessments as levied which assessments were to be applicable solely to the payment of death claims. By payment of such assessments plaintiff contributed to the payment of claims arising by reason of the death of his co-members in the same manner that the latter undertook that they would contribute to payment to his beneficiary had his death occurred at any time while a member of defendant, he having complied with the terms of his membership. Thus he occupied a dual relation to the members of the corporation. With the remaining certificate holders of like class he was an insurer. As the holder of the certificate he was an insured. Such relation arose out of his membership in the corporation. The corporation as a legal entity was composed of members, organized under the law of the state of Connecticut, authorized to exercise such power as was granted to it by the statute under which it was incorporated. Under the terms of the certificate of membership payment of assessments, as well as payment of death claims, was to be made at the home office of the corporation. The affairs of the corporation were conducted by its chosen officers at the home office in Connecticut. To such officers was intrusted the duty of levying assessments, service of notice of the same, together with the receipt of money paid by members thereon, the adjustment and payment of death claims, and also the general affairs of the corporation. The certificate of membership issued to the plaintiff was in effect a contract of life insurance upon the co-operative or

24

assessment plan or for mutual benefit or for benevolent purposes as recognized by the law of this state. (Laws of 1875, chapter 267; *Massey* v. *Mutual Relief Society of Rochester,* 102 N. Y. 523; Laws of 1881, chapter 256; Laws of 1883, chapter 175, § 10; Insurance Law [Cons. Laws, ch. 28], sections 204–230.)

Plaintiff as an insurer and an insured sought by the prayer for relief in the complaint in this action to restrain the corporation of which he is a member from making assessments upon his certificate in excess of $2.68 per assessment. While the prayer for relief is not controlling as to the judgment a party may recover, nevertheless the pleading asserts that plaintiff had no remedy at law. The court below treated the action as equitable in its nature, granted the injunctive relief prayed for, ordered an accounting and provided for a money judgment.

The opinion of the Appellate Division upon the appeal of defendant from the interlocutory judgment stated (159 App. Div. 121) that the question of the jurisdiction of the court to entertain an action which has for its purpose the regulation of the internal affairs of a foreign corporation was one not to be raised by demurrer. "It goes, not to the jurisdiction of the court, but to the question whether the court, having jurisdiction, will exercise it and that depends upon whether or not the court could enforce a judgment if it made one."

It may be pertinent to inquire how the judgment in the case at bar can be enforced so far as the injunctive relief and accounting provided for therein is concerned. The corporation, its officers and accounts are without the state. The order and decree of the court in this state has no extraterritorial effect or force. They can only be enforced directly against property in this state or *in personam* against individuals or officers of corporations within the jurisdiction of the court and thereby affect property without the state.

If the present action be treated as one restraining the defendant from an exercise of certain functions within the state of Connecticut and requiring an accounting in New York it is difficult to find a means of enforcement of the decree of the court against the opposition of the corporation. True the defendant appeared in the action and the court had jurisdiction of the person, but such jurisdiction did not of necessity extend to jurisdiction of the subject-matter. In *Travis* v. *Knox Terpezone Co.* (215 N. Y. 259, 264) Judge CARDOZO, writing for this court, said: "To trace in advance the precise line of demarcation between the controversies affecting a foreign corporation in which jurisdiction will be assumed and those in which jurisdiction will be declined, would be a difficult and hazardous venture. A litigant is not, however, to be excluded because he is a stockholder, unless considerations of convenience or of efficiency or of justice point to the courts of the domicile of the corporation as the appropriate tribunals. In the words of KNOWLTON, C. J., in *Andrews* v. *Mines Corporation* (205 Mass. 121, 123): ' Rights of third parties, whether they happen to be stockholders or not, if the rights are such as are recognized by our laws, may be enforced by our courts, unless they relate to such internal affairs of the corporation as ought to be regulated only by the courts of the State or country to which it owes its existence.' "

That our courts might entertain jurisdiction of an action brought against defendant to recover for the death of a member and in such action to determine whether or not the policy was in force, the validity of an assessment made for non-payment of which forfeiture was claimed, cannot be questioned. Such an action does not correspond to the action at bar wherein the court is invoked to exercise visitorial powers to review and decree how the acts of a corporation which derives its authority from the law of another state shall exercise such power.

The trend of decisions of the courts is contrary to

assumption of jurisdiction by the courts of the action at bar. We may assume that the membership of the defendant corporation extends throughout a number of states, and while it may be said that the present action affects the plaintiff alone, we cannot overlook the fact that if the various states assume jurisdiction in like actions the decisions of the courts might be divergent, different rules of law would prevail and a corporation might be called upon to account in various states and relieved therefrom by the decrees of the courts in other states. Likewise it might be held legal for it to increase assessments in certain jurisdictions and illegal to increase and collect the same in other jurisdictions. Uniformity of decision is preferable. Numerous jurisdictions have determined that an action like unto the one at bar is one relating to the internal affairs of a corporation of which the courts will decline to assume jurisdiction. (*Clark* v. *Mutual Reserve Fund Life Association,* 14 App. Cas. [D. C.] 154; *State ex rel. Minnesota Mutual Life Insurance Company* v. *Denton,* 229 Mo. 187; *State ex rel. Hartford Life Insurance Co.* v. *Shain,* 245 Mo. 78; *Taylor* v. *Mutual Reserve Fund Life Association,* 97 Va. 60; *Royal Fraternal Union* v. *Lunday,* 51 Tex. Civ. App. 640; *Condon* v. *Mutual Reserve Fund Life Assn.,* 89 Md. 99, approved in *Hartford Life Insurance Co.* v. *Ibs,* 237 U. S. 662, citing additional cases; *Eberhard* v. *Northwestern Mutual Life Ins. Co.,* 210 Fed. Rep. 520.) In view of such uniformity of decisions and the reasoning of the courts rendering the same, I recommend that the judgments of the Appellate Division and Special Term be reversed and the complaint dismissed, with costs to appellant in all courts. As defendant was entitled to review the interlocutory judgment upon appeal from the final judgment, the questions submitted are not anwered.

HISCOCK, Ch. J., CHASE, POUND, MCLAUGHLIN and ANDREWS, JJ., concur; CUDDEBACK, J., not voting.

Judgments reversed, etc.