FREDERICK W. SCHOLEM, Suing on Behalf of Himself and All Other Policyholders Similarly Situated, Plaintiff, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.

Supreme Court, Special Term, New York County, December 4, 1939.

*Hyman Goldman,* for the plaintiff.

*Solon Weit [Merwin P. Le Vine* of counsel], for the defendant.

PECORA, J. This action is brought by plaintiff as a policyholder of defendant, a life insurance company organized in the State of New Jersey, and doing business in this State. The action is brought by the plaintiff in a representative capacity on behalf of himself and all other policyholders similarly situated. The defendant has made a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice prior to answer, on the grounds, *first,* that the court lacks jurisdiction to dispose of the matters complained of,

and *second,* that the complaint is legally insufficient. This is the motion upon which the court is asked to rule at this point.

The complaint alleges that plaintiff is the holder of a life insurance policy which contains a life insurance provision, a double indemnity provision in the event of accidental death, and a clause allowing total and permanent disability. For the straight life feature the premium is $119.65; for the permanent disability provision there is an additional premium of $5.05; and for the double indemnity clause there is an additional charge of $7.75.

Under sections 83, 87 and 89 of the Insurance Law of the State of New York a domestic mutual insurance company is obliged to incorporate in its policy contract an obligation to distribute among its policyholders annually and equitably the excess cost of insurance. A foreign life insurance company, under the same statutes, which fails to incorporate a like obligation in its policies, forfeits its privilege to do business here. This payment is often referred to as the annual dividend. That nomenclature is somewhat misleading because it suggests the analogy with a stock corporation. It is, in fact, not a dividend, but the excess payment of premium over actual cost given annually as required by statute under the provisions of our Insurance Law. (*Rhine* v. *New York Life Ins. Co.,* 273 N. Y. 1.)

It is charged that in paying its annual " dividends " to its policyholders the defendant has disregarded the fact that plaintiff and those in his class have paid a premium beyond the amount charged to a regular policyholder without the extra privileges. He alleges that the company in disregard of law has failed to compute the excess charge for the double indemnity clause with the result that the company since 1924, the date when plaintiff's policy was issued, has accumulated an excess surplus of $22,000,000 by reason of overcharges. Complaining against the lack of equity in the apportionment of the dividends and the failure to allow for excess premiums paid by policyholders whose contracts contain double indemnity provisions in case of accidental death, he seeks a refund of the amounts overcharged, to be determined on an accounting, and asks for an injunction, etc.

The question of jurisdiction is very strenuously argued, and reference is made to *Sauerbrunn* v. *Hartford Life Ins. Co.* (220 N. Y. 363). In that case the insurance company under the policy was authorized to levy assessments. The plaintiff considered himself aggrieved by reason of the amount of the assessment, and brought an action to restrain the company from making an assessment of more than a certain amount named in the certificate, and to compel

them to account for the moneys theretofore paid by him in excess of the amount justly payable by him. The court held that an action of this character, involving its method of assessment, should be adjudicated in an action brought in the home State. The reason for the decision appears to be, not that the court considered itself without jurisdiction to entertain the action, but that its enforcement of any decree might involve the exercise of a jurisdiction beyond its borders and, therefore, make the decree itself ineffective.

Defendant stresses the effect of this decision as a basis for the demand that the court decline to take jurisdiction. The consequences of that authority are not as far reaching as defendant seems to imply. The claim of plaintiff is based upon a contract which obligates the insurance company to pay annual dividends, as that term is understood in life insurance law and as it has been explained above. The statute, section 83, as has been said, compels all domestic life insurance companies to incorporate in their policies a provision for the annual distribution of a proportionate share of this dividend or portion of the surplus to its policyholders. A foreign life insurance company by the same statute, would be forbidden from doing business in New York if it did not provide in its participating policies the same privileges as to surplus or dividend accorded to holders of policies of domestic companies. If the foreign corporation failed to comply with the provisions of its contract, the policyholder would have a grievance which he might enforce in this State, as in case of any other breach of contract. The effect of decisions, such as the *Sauerbrunn* case (*supra*) and *Uhlman* v. *New York Life Ins. Co.* (109 N. Y. 421), is to discourage suits in equity involving accountings and injunctions; it is not to relegate a policyholder who is aggrieved to an action in the foreign State under which the insurer is organized.

There is a distinguishing element in the *Sauerbrunn* case from the one in consideration, in that it deals with assessments. The validity of an assessment is governed by the laws of the State where the corporation has its domicile. (*Matter of Auto Mutual Indemnity Co.*, 14 N. Y. Supp. [2d] 601.) This principle is not necessarily limited to the liquidation of insolvent insurance companies with which the quoted decision particularly deals, but applies to assessments in all cases. The obvious reason is that the assessment is for the benefit both of the creditors of the corporation and for the possible preservation of the corporation as an entity. Assessments, according to the varied standards of different States, might be detrimental both to the creditors of a corporation and to the continued stability of the company. It is the latter element that makes the

assessments a matter of internal management which should be regulated by the courts of the company's domicile. No such reason applies to an action in which the policyholder merely seeks to obtain reparation for a debt which he deems the company owes him.

Here the distinction between the dividend of an ordinary stock corporation and a refund for excess premiums, such as claimed here, becomes important. In the former the declaration of a dividend is clearly a matter of internal management and can only be compelled in an action in the home State. Such dividend declaration must precede the right of any individual to bring an individual action for a dividend. The latter does not become due until it has been declared. After such declaration it becomes a debt which the holder of stock may sue upon even in a jurisdiction outside the home State, if he has not been paid. In the case of a life insurance company " dividend," no previous declaration is necessary, although in practice as a matter of utmost convenience the computation and declaration applicable to all policyholders of a given class precede the actual payment. However, the right to such dividend is not a matter of discretion with the directors, as in stock corporations and to a large extent in mutual companies operating on the assessment principle, but is based upon contract dictated by statute. Payment is mandatory. A failure to pay the excess which the law directs is a breach of contract for which the individual policyholder may institute suit, without the necessity of bringing in the directors or trustees to compel a prior declaration of a dividend for the benefit of all policyholders of the class.

The complaint in the case at bar errs, however, in making demands for an accounting and for equitable relief by way of injunction, etc. The court will not assume such wide jurisdiction, but will permit plaintiff to bring an action at law for breach of contract.

Regarding the merits of his claim, nothing, of course, can be said here, nor can the *Rhine* and *Rubin* cases (*Rubin* v. *Metropolitan Life Ins. Co.*, 278 N. Y. 625) serve as a strict precedent. In those cases it was held that the disability provisions constitute a single contract combined with the one giving life insurance. Consequently, in calculating the cost, the experience in paying benefits under disability provisions could be considered as a charge against the total cost of the policy; and the expense of such payments could be deducted from the aggregate of the life premiums and the disability premiums, instead of from the disability premiums alone. The plaintiff there had contended that the excess of the cost of disability payments over the premiums collected for that privilege, was to be taken out of the general surplus of the company and not

charged against the life insurance dividend due. The court held otherwise. Here, there are premiums involving both disability and double indemnity privileges. Probably the precedent of the *Rhine* and *Rubin* cases would indicate that the three items are to be regarded as parts of a single contract, and the three premiums aggregated for purposes of determining ultimately what the amount of the refund is to be on the group which embodies all these privileges. But the question as to whether there has actually been an underpayment of dividends on this principle or any other principle, is a question of fact which cannot be determined upon pleadings alone. In the *Rhine* and *Rubin* cases there was an agreed state of facts which, of course, is absent here. Plaintiff may, therefore, maintain this action as for a breach of contract subject to any defenses which defendant may interpose, including the Statute of Limitations as to a portion of the claim.

Possibly plaintiff may feel that an action in contract may be too great a burden on him individually while the present action in representative form would enable him to obtain ultimate contributions from other parties benefited. There is, however, no obstacle to maintaining a representative suit in an action at law. (*Atkins* v. *Trowbridge*, 162 App. Div. 161.)

What I have said in commenting upon defendant's objections to the complaint indicates that their validity is recognized only to the extent that plaintiff is barred from maintaining an action in equity. As he has brought an action of this nature the court holds that the complaint must be dismissed with leave to amend if plaintiff is so advised, to plead an action at law.

Settle order.