ABRAHAM I. MENIN, as Trustee in bankruptcy of AMERICAN ART ASSOCIATION-ANDERSON GALLERIES, INC., Plaintiff, v. NEW YORK LIFE INSURANCE COMPANY et al., Defendants.[*]

Supreme Court, Special Term, New York County, June 19, 1941.

*Gerson C. Young* and *Everett M. Seixas, Jr.,* for plaintiff.

*John M. Harlan, Leslie H. Arps* and *Ferdinand H. Pease* for New York Life Insurance Company, defendant.

[*] See, also, *Fenster* v. *New York Life Ins. Co.,* 188 Misc. 909, affd. without opinion 272 App. Div. 879.

STEUER, J. The object of the suit is to realize on a policy of life insurance on the life of Robert M. Mitchill, Jr. In the year 1939, the policy was eight years old and the premium on it was being paid in quarterly installments. The third quarterly installment became payable on September 18th. It was not paid. The grace period expired. Defendant insurance company then declared the cash value to be as fixed in the policy for one in existence eight and three-quarters years. Deducting from this sum an outstanding loan, a small remainder was left. This remainder purchased paid-up term insurance expiring November 20, 1939. The insured committed suicide on November 27, 1939.

The contention of the plaintiff beneficiary is that, had three quarters of the annual dividend which would have become payable on the policy on the anniversary date, December 18th, been credited at the time of the default, that sum could have been used to buy term insurance. Had this been done, the term insurance bought concededly would have been in effect at the time of the insured's death. The question therefore presented is whether defendant was under a duty to make the fractional part of the dividend available at that time.

It is now well recognized that the so-called dividend payable upon a mutual life insurance contract bears no relation to a dividend upon stock of a stock corporation (*Rhine* v. *New York Life Ins. Co.*, 273 N. Y. 1). The distribution of available surplus, which is the life insurance dividend, must be made by the company and its manner of apportionment is determined by the contract and the Insurance Law. The law in effect at the time of the making of the contract in suit (Insurance Law of 1909, § 83, as amd. by L. 1927, ch. 467) provides that such distribution is to be made " annually and not otherwise." In the case of ordinary life policies no specific date for a distribution is fixed. (Cf. *Wells* v. *Metropolitan Life Insurance Co.*, 171 Misc. 878, affd. 258 App. Div. 986.) Subsequent clarification of the statute (Insurance Law of 1939, § 216; L. 1939, ch. 882, § 216) and a long history of practice approved by the administrative authorities leaves no doubt that the anniversary date of the policy is a proper date for distributing. Providing this practice was uniform, and it was, no complaint against it could be made.

The question therefore becomes whether, despite the fact that distribution could not be made prior to the anniversary date, in the event of a lapse must a credit be given to the policy of the dividend or a fraction of it. No such specific direction is to be found either in the contract or the statute. If any obligation exists it comes into being from the very nature of the dividend.

It is quite true that in its essentials this dividend represents a return of the excess in cost of the insurance which conservative management has exacted to provide for unforeseen contingencies in the shape of disasters or investment upsets, which contingencies have not in fact materialized. However, it is equally true that the entire fabric of insurance is built upon mathematical principles of experience adhering to the average if a sufficient number of instances are involved. In a policy where the premium is payable in installments instead of annually in advance (the only instance where the problem presented can arise) the factor of lapse is always present. This factor finds reflection in the calculation of the premium especially as affected by the dividend. An interpretation of the statute which would require the dividend or a portion of it to be applied to the purchase of term insurance at a time prior to the time when the dividend was payable by the terms of the statute cannot be said to reflect the intention of the Legislature unless it be assumed that the Legislature was ignorant of this factor or disapproved of it. When the statute of 1939 containing the presently effective section 216 is considered, the opposite conclusion must be reached. In this section companies are given the authority (not the direction) to write policies providing for more frequent distributions, but only under certain conditions as regards the available surplus. As installment premium contracts are the only ones in which such more frequent distributions would be feasible and a threatened lapse the only occasion where the distribution would have real significance, it would seem to follow that provision for such a contract belied the contention that the duty to apply the dividend before its due date existed in any other form of contract.

Plaintiff has other theories upon which the term insurance purchasable was extended to a date subsequent to the death of the insured. They all depend on the dividend or a portion of it being used. In the light of the above, no discussion thereof is required.

Submit findings accordingly.