In the Matter of the Accounting of HANOVER BANK et al., as Executors and Trustees, and J. LESTER ALBERTSON, as Successor Trustee under the Will of GEORGE TOEPLITZ, Deceased.

Surrogate's Court, New York County, May 5, 1954.

*Sperry Butler* for executors and trustees, and successor trustee, petitioners.

*Edward Goodell* for United Jewish Appeal of Greater New York, Inc., respondent.

*White & Case* for New York Eye and Ear Infirmary, respondent.

*Cadwalader, Wickersham & Taft* for Community Service Society of New York, respondent.

*Stroock & Stroock & Lavan* for Jewish Theological Seminary of America, respondent.

*Weisman, Celler, Allan, Spett & Sheinberg* for Home and Hospital of Daughters of Jacob, respondent.

*Robert D. Steefel* for Federation of Jewish Philanthropies of New York, respondent.

*Arthur J. Brothers* for Anna G. Abrams and another, respondents.

*Edward J. Gould,* special guardian for Jacquelyn Harris and others, infants, respondents.

COLLINS, S. In the seventh article of his will testator bequeathed to his trustees an amount necessary to provide his sister-in-law the monthly sum of $175 for her life from the income and the principal of the fund. In the eighth, ninth and tenth articles of his will testator, by like language, provided annuities for other persons. He also provided in each of said articles that upon the death of an annuitant any amount then remaining in

the fund established for that annuitant be paid to designated charities. It has been held heretofore that the trustees had power under the will to purchase single premium refund annuity contracts in satisfaction of the annuities granted under the will. (N. Y. L. J., May 28, 1952, p. 2138, col. 2.)

The accounts that are now before the court for judicial settlement report the purchases of annuity contracts and further report the receipt of dividends from the insurance company. The trustees raise the question whether such dividends are payable to the annuitants, to the charities or to the residuary legatees.

The dividends in question were paid by the insurance company pursuant to a clause in each annuity contract providing for annual distribution of the proportion of the divisible surplus accruing on the contract. It is assumed that this contract provision was intended as compliance with section 216 of the Insurance Law, a statute enacted to protect policyholders against excessive premium charges. This legislation, recognizing that an insurance premium may represent merely the estimated cost of a policy and that the actual cost of the insurance can be ascertained only after such cost has been incurred, requires that the annual surplus earned by an insurance company over and above permitted charges and reserves shall be distributed to the policyholder. The return made to a policyholder, as a so-called dividend, is a repayment of the excess premium or overcharge paid by him. (*Rhine* v. *New York Life Ins. Co.*, 273 N. Y. 1; *Wells* v. *Metropolitan Life Ins. Co.*, 171 Misc. 878, affd. 258 App. Div. 986; *Menin* v. *New York Life Ins. Co.*, 188 Misc. 870; *Scholem* v. *Prudential Ins. Co. of America*, 172 Misc. 664.) Here the initial premium for each annuity contract diminished the amount of the residuary estate and, to such extent, was paid by the residuary legatees. The initial premium having been paid from the residuary estate, any return of excess premium should be returned to the residuary estate. The annuitants will receive from the annuity contracts the amounts that testator intended them to have and to pay them the dividends would be conferring upon them a bonus that was not within testator's contemplation. The charities are entitled under the will only to so much as shall remain in the respective funds upon the termination of the annuity payments. The charities participating in the prior proceeding then consented to the payment of premiums for the purchase of annuity contracts in lieu of the creation by the trustees of annuity funds. Whatever may be the other interests of the charities under such

annuity contracts, they are not entitled to dividends which constitute refunds of excess premiums.

The trustees will be allowed commissions for receiving from the executors the amounts necessary to purchase the annuity contracts. The executors will be authorized to abandon the securities reported in their account as worthless. Proof of the personal claims of the executors may be submitted in the form of affidavits.

Proceed accordingly.