In the Matter of the Estate of SAMUEL D. MASON, Deceased. STATE TAX COMMISSION, Appellant; PHILIP M. PIAKER et al., as Executors of SAMUEL D. MASON, Deceased, Respondents.

Third Department, December 4, 1969.

*Edward H. Best, Herbert B. Ray, Max Kuperman* and *Everett B. Morris* for appellant.

*Chernin & Gold* (*James B. Gitlitz* of counsel), for respondents.

SWEENEY, J. This is an appeal from a decree of the Surrogate's Court, Broome County, entered November 1, 1968, which dismissed an appeal by the State Tax Commission from a *pro forma* order fixing the amount of estate tax to be assessed against the decedent's estate.

Certain life insurance policies amounting to slightly more than $80,000 on the life of the decedent were transferred by him less than two months before his death to trustees under a trust agreement for the benefit of his former wife and their daughter. No incidents of ownership were kept by decedent. Although the item was not included in the Federal estate tax return, it was added by audit as a transfer in contemplation of death, and, therefore, included in the New York estate tax return under the same heading. The *pro forma* order of the Surrogate which fixed the tax allowed a credit for this item as a life insurance proceeds exemption.

The sole issue presented on this appeal is whether the credit for exemption from the New York estate tax is allowable for proceeds of insurance on the life of the insured which were included in his gross estate under Schedule G only, due to the fact that they were transferred in contemplation of death.

Paragraph (4) of subdivision (b) of section 958 of the Tax Law provides an exemption for the proceeds of insurance on the life of a decedent receivable by beneficiaries other than a surviving spouse and includible in the New York gross estate.

Under New York law the gross estate is the same as Federal gross estate.

In the instant case the deceased gave the insurance in question to others than his spouse. The sum is within the maximum statutory exemption. It was included in the Federal gross estate. Up to this juncture the item appears to be tax exempt. Appellant contends, however, that since it was properly listed in the schedule for transfers in contemplation of death, and not in the schedule for life insurance, it is not entitled to the tax exemption. In other words, the appellant maintains it has lost its identity as insurance and, consequently, the exemption. With this contention we do not agree.

The money was derived from insurance policies and paid at decedent's death. It was included in his gross estate. Literally, the requisites of the statute have been met. It is necessary to keep in mind the nature of these insurance proceeds. In our society insurance provides a necessary estate for many who are not otherwise capable of accumulating one for needy survivors. The Legislature, we must assume, was aware of this and it, therefore, allowed the tax exemption. This fund should

not be depleted by unexpected taxes. To hold that otherwise qualified insurance proceeds lose their identity as insurance if transferred prior to death, and to read into the law a requirement that unless they can be listed in the estate tax return under the insurance schedule they are not exempt, is to vitiate the intent and purpose of the statute. We are not unmindful of the rule that exemptions from taxation are to be strictly construed. This rule, however, must be applied in light of the purposes to be furthered by the exemption. (*St. Barbara's Roman Catholic Church* v. *City of New York,* 243 App. Div. 371.)

The decree should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ. concur.

Decree affirmed, without costs.