Pierson R. Hildreth, S.
This is an appeal by the executrix from a pro forma order fixing New York estate tax.
The decedent died September 19, 1973, leaving a will under which his entire estate was left to his surviving wife who is the executrix. By order dated December 16, 1974, New York net estate tax was fixed at $734.83. This was based on a New York gross estate of $96,014.08, which was also the Federal gross estate as shown by the Federal return.
Included in the gross estate were the proceeds of four life insurance policies, of which the wife was beneficiary. These policies were respectively in the face amounts of $1,500, $2,000, $2,000 and $2,500, making a total of $8,000. In addition to the face amount however, the beneficiary also received accumulated dividends on certain of the policies amounting to $3,863.99, post-mortem dividends amounting to $126.21, and return premiums of $48.66. These additional amounts aggregating $4,038.86, added to the face amount of $8,000, resulted *151 in a total amount of $12,038.86 received under the policies. The Internal Revenue Service insurance statement forms 712 filed with the petition to fix tax showed the respective amounts representing the face of the policy, accumulated dividends, post-mortem dividends and returned premiums.
The tax as fixed by the order dated December 16, 1974, allowed a credit for the exemption granted for insurance on the life of a decedent receivable by a surviving spouse under section 958 (subd [b], par [3]) of the Tax Law in the amount of $160, representing 2% of $8,000, which was the face amount of the policies and this resulted in a net New York estate tax of $734.83.
The executrix contends that credit should be allowed of 2% of the total proceeds inclusive of dividends and returned premium, which aggregates $12,038.86, which would give a credit of $240.78 and would result in a net New York estate tax of $654.05. The difference in the tax is $80.78, which may seem small relative to the size of the gross estate, but the parties assert that the issue is one which results in conflicting determinations in similar situations and has never been resolved by judicial determination.
It is the contention of the State Tax Commission that accumulated dividends, post-mortem dividends and returned premiums do not represent insurance for which the insured pays premiums, but represent returns of capital. Such dividends are regarded as a repayment of excess premium. (Matter of Toeplitz, 205 Misc 869.) Generally depending upon the terms of the policy, the insured has the option of leaving dividends with the carrier, perhaps earning interest or being used to purchase additional insurance. If left with the carrier, same are returned when the policy matures or becomes payable.
It is the opinion of the court that the proceeds of insurance on the life of a decedent receivable for a surviving spouse for which a credit is allowable under section 958 of the Tax Law means the proceeds representing the face amount of the policy, exclusive of additional sums which may be paid such as accumulated dividends, post-mortem dividends and returned premiums.
It is noted also that insurance is reported on the Federal estate tax return under Schedule D, whereas items such as accumulated dividends, post-mortem dividends and returned premiums are reported as other miscellaneous property under *152 Schedule F. Although listing in different schedules doés not cause insurance to lose its identity as insurance if it is such (Matter of Mason, 33 AD 2d 150), yet the reporting of dividends in a different schedule indicates that such items are not of the same as the insurance for which premium is paid.
Accordingly, the appeal is dismissed.